Gray, J.
The plaintiff’s claims are for groceries supplied to a household in which the husband and wife and their children were living together; and upon promissory notes given by the husband, describing himself as trustee for the wife, in payment for groceries so supplied-The obligation to pay for the supplies ot the family is ordinarily the debt of the husband. Promissory notes-given by the husband, though describing himself as a trustee for the wife, bind him personally, and do not bind her to estate, unless he is clearly proved to have had authority to give them in her behalf. The terms of the marriage settlement-did not authorize the husband to contract any debts on the wife’s account. The evidence introduced by the plaintiff consisted of the testimony of himself and of the husband. The plaintiff’s testimony was rather to his own motives and reasons for charging the goods to the wife than to any contract by her; and the husband’s testimony was more to legal conclusions than to specific facts. While the plaintiff testified in general germs that the goods were furnished to the wife, and upon her faith and credit, and gave, as his reason for furnishing them upon her credit that he expected her to pay for them, and did not expect the husband to do so, because she was looked upon as worth means, and he was not; and stated that the husband promised him security from the wife upon her real estate; yet the only specific facts to which he testified, bearing on the question who was his debtor, were that the groceries were delivered at the dwelling-house ; that they were ordered by the husband and the servants, and occasionally by the wife; and that the husband had handed him money which had been placed to the credit of the account. He did not testify to any express contract by the wife, and he admitted that she never promised to give him security on her real estate. T,he testimony of the husband was hardly more direct. He testified indeed that the goods, were purchased by the wife and on her credit, and that she made the exclusive arrangements for their purchase-through him as trustee ; that the notes were to be chargeable to her, and would not have been signed by him as trustee unless it was for her and upon her responsibility; and that they “ were given with her knowledge, under general'authority.” But he did not define or indicate the nature or extent of the general authority to which he referred ; he did not testify that she ever promised 'to pay for the goods, or expressly authorized him to promise that she would pay-for them; and he did *86 testify that he never, so far as he could remember, accompanied the delivery of the notes with a declaration that they were intended to bind her real estate. Such testimony is wholly insufficient to warrant a court of equity in decreeing that debts, which are prima facie the debts of the husband, should be considered as debts of the wife, and made a lien upon her separate estate.
Reversed and remanded. — The Reporter.